UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Donta Terrell Stone Adams,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 18-215(1) ADM/TNL

_____

Donta Terrell Stone Adams, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Donta Terrell Stone Adams' ("Adams") Motion for Compassionate Release from Custody [Docket No. 137]. Adams requests a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, Adams' Motion is denied.

## II. BACKGROUND

On December 12, 2018, Adams entered a plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Min. Entry [Docket No. 47]; Plea Agreement [Docket No. 50]. He was sentenced to a prison term of 60 months. Sentencing J. [Docket No. 99] at 2. The sentence was a substantial downward departure from the sentencing guideline of 120 months. See Statement Reasons [Docket No. 100] at 1, 4.

Adams is incarcerated at Gilmer Federal Correctional Institution ("FCI-Gilmore") in Glenville, West Virginia. His projected release date is July 17, 2023. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 4, 2021).

Adams now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Adams, age 28, argues that he suffers from asthma and upper respiratory infections, and that these conditions make him particularly vulnerable to severe illness or death if he were to contract COVID-19. Adams argues the living conditions in prison prevent him from mitigating the risk of contracting COVID-19 because the close confines of the prison environment make social distancing nearly impossible. FCI Gilmore reports that 12 inmates and 8 staff members currently have active cases of COVID-19. Additionally, 285 inmates and 55 staff members previously tested positive for the virus but have since recovered. No COVID-19 related deaths have been reported at the facility. See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Feb. 4, 2021).

Adams contends the combination of these circumstances constitute extraordinary and compelling reasons for his release. He does not state whether he has requested a compassionate release motion from the warden of his institution.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment

of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Adams' request for a sentence reduction is denied for at least three independent reasons.  First, Adams has not established that he exhausted his administrative rights with the BOP.

Second, even if Adams had satisfied the exhaustion requirement, he has not shown extraordinary and compelling reasons warranting a sentence reduction.  When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility."  United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).

Adams has not shown a particularized susceptibility to the COVID-19 virus.  At age 28, he is considerably younger than the category of adults most vulnerable to COVID-19.  With regard to Adams' asthma, the guidelines issued by the Centers for Disease Control and Prevention ("CDC") state only that people with moderate to severe asthma "might" be at an

increased risk for severe illness from COVID-19.  See CDC, Coronavirus Disease 2019, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Feb. 4, 2021).

Third, the sentencing factors in § 3553(a) weigh against reducing Adams' sentence. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).  When sentencing Adams two years ago, the Court determined that a 60-month term of imprisonment was necessary to carry out these sentencing goals.  Releasing Adams after he has served less than half his sentence would undermine these sentencing considerations.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Donta Terrell Stone Adams' Motion for Compassionate Release from Custody [Docket No. 137] is **DENIED**.

BY THE COURT:

   s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  February 4, 2021